IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANILO ARTURO VELASQUEZ, | No. C 15-02535 EJD (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| U. S. MARSHALS, et. al., | |
| Defendants. | |

Plaintiff, a federal prisoner, filed the instant <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed <u>in forma pauperis</u> will be granted in a separate written order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

1  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
2  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
3  1988).

4       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
5  elements: (1) that a right secured by the Constitution or laws of the United States was
6  violated, and (2) that the alleged violation was committed by a person acting under the
7  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.**   **Plaintiff's Claims**

9       Plaintiff alleges that during his arrest on or about September 14, 2009[1], he was
10 brutally beaten by members of the U.S. Marshals Office and San Francisco Police
11 Department, and thereby permanently injured and suffered significant brain damage.
12 (Compl. at 1.)  Plaintiff claims that he did not resist arrest or provoke the beating.  (Id.)
13 Liberally construed, Plaintiff states a claim of excessive force in violation of the Fourth
14 Amendment.  See Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043 (9th Cir.
15 1996).

16      However, Plaintiff fails to identify any Defendant by name, and rather states that
17 John Does #1 - #5 are San Francisco Police Officers and John Does #1 - #5 are U.S.
18 Marshals. (Compl. at 2.)  Although the use of "John Doe" to identify a defendant is not
19 favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980);
20 Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may
21 arise where the identity of alleged defendants cannot be known prior to the filing of a
22 complaint.  In such circumstances, the plaintiff should be given an opportunity through
23 discovery to identify the unknown defendants, unless it is clear that discovery would not
24 uncover their identities or that the complaint should be dismissed on other grounds.  See
25 Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal.

---

[1] Plaintiff asserts that due to his injuries, he merits tolling of the statute of limitations. (Compl. at 3.)

1986). Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (abuse of discretion to deny plaintiff an opportunity to amend to name correct defendants).

Because this action cannot proceed without any named Defendants upon which the action can be served, Plaintiff shall be given an opportunity to file an amended complaint identifying at least one John Doe defendant.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 15-02535 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED: 8/3/2015

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DANILO ARTURO VELASQUEZ,

        Plaintiff,

  v.

U.S. MARSHALS, et al.,

        Defendants.

Case Number: CV15-02535 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/3/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danilo Arturo Velasquez 14341-111
HAZELTON
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2000
BRUCETON MILLS, WV 26525

Dated: 8/3/2015

        Richard W. Wieking, Clerk
        /s/By: Elizabeth Garcia, Deputy Clerk