IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANILO ARTURO VELASQUEZ, | ) | No. C 15-02535 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| U. S. MARSHALS, et. al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a federal prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed the complaint with leave to amend to identify at least one John Doe defendant by name. (Docket No. 7.) Plaintiff has filed an amended complaint. (Docket No. 11.)

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Dismissal with Leave to Amend
N:\Pro - Se & Death Penalty Orders\02535Velasquez_dwlta.wpd           1

immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that during his arrest on or about September 14, 2009[1], Defendants maliciously and sadistically assaulted him, causing permanent brain damage.  (Am. Compl. at 3.)  Plaintiff claims that he did not resist arrest or provoke the beating.  (Id.)  Plaintiff also claims that "all Defendant law enforcement agents/officers either participated or conspired to savagely assault Plaintiff and cover-up this beating."  (Id.)  Plaintiff claims that Defendant Avila-Quijano is also liable "since he set this beating up."

With respect to the alleged beating, Plaintiff states sufficient facts to indicate that his right against the use of excessive force under the Fourth Amendment may have been violated.  See Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043 (9th Cir. 1996).  However, the complaint is still problematic because he fails to allege how the named defendants are individually liable for his injuries.  Under the section asking for the full name of each defendant, Plaintiff has identified the following individuals: SFPD Sgt. N. Chorley, SFPD Officer Espinoza, SFPD Sgt. Sakurai, SFPD Officer Silver, Daly City Officer Greg Oglesby, Rony Avila-Quijano (an informant), and 5 Unknown US Marshals.  (Am. Compl. at 2-3.)  Nowhere in the body of his statement of claim does he identify individual defendant officers by name or describe their actions that resulted in the alleged injuries or how they were involved in the conspiracy to assault him and cover-up the

---

[1] Plaintiff asserts that due to his injuries, he merits tolling of the statute of limitations. (Compl. at 3.)

beating.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1085 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id.

Plaintiff is also advised that a defendant cannot be held liable simply based on his membership in a group; rather, each individual defendant's participation in unlawful conduct must be shown. Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding jury instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident. See Hopkins v. Bonvicino, 573 F.3d 752, 769-70 (9th Cir. 2009) (holding that although "integral participant" rule may not be limited to officers who provide armed backup, officer who waits in front yard and does not participate in search of residence not an integral participant); Torres v. City of Los Angeles, 548 F.3d 1197, 1205-06 (9th Cir. 2008); Jones v. Williams, 297 F.3d 930, 936 (9th Cir. 2002).

Lastly, Plaintiff's claim against Defendant Avila-Quijano fails to state a § 1983 claim because a private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely

private conduct, no matter how wrongful, is not covered under § 1983.  See <u>Ouzts v. Maryland Nat'l Ins. Co.</u>, 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975).  Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals.  See <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d 831, 835 (9th Cir. 1996).  Unless Plaintiff can show that Defendant Avila-Quijano was somehow acting under color of state law, there can be no § 1983 claim against him.

Plaintiff shall be granted one final opportunity to file an amended complaint to correct the deficiencies described above.

## CONCLUSION

For the foregoing reasons, the amended complaint is DISMISSED with leave to amend.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint.  The second amended complaint must include the caption and civil case number used in this order, Case No. C 15-02535 EJD (PR), and the words "SECOND AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  Plaintiff is cautioned that the second amended complaint will completely supersede the first amended complaint and the original, and Plaintiff may not make references thereto.  Claims not included in the second amended complaint are no longer claims and defendants not named in the amended complaint are no longer defendants.  See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing a second amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED:     1/4/2016

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANILO ARTURO VELASQUEZ,

    Plaintiff,

v.

U. S. MARSHAL'S, et al.,

    Defendants.

Case No. 5:15-cv-02535-EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/5/2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danilo Arturo Velasquez ID: 14341-111
HAZELTON
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2000
BRUCETON MILLS, WV 26525

Dated: 1/5/2016

Susan Y. Soong
Clerk, United States District Court

By: *Elizabeth C Garcia*
Elizabeth Garcia, Deputy Clerk to the
Honorable EDWARD J. DAVILA