UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANILO ARTURO VELASQUEZ,<br><br>   Plaintiff,<br><br>  v.<br><br>N. CHORLEY, et al.,<br><br>   Defendants. | Case No. 15-02535 EJD (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

  Plaintiff, a federal prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against police officers. The Court dismissed the complaint with leave to amend to identify at least one John Doe defendant by name. (Docket No. 7.) Plaintiff filed an amended complaint which was also dismissed with leave to amend to correct deficiencies. (Docket No. 12.) Plaintiff filed a second amended complaint ("SAC"). (Docket No. 15.)

**DISCUSSION**

**A. Standard of Review**

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on or about July 8, 2009[1], officers from the San Francisco Police Department used excessive force during the course of an arrest, and that Detective Greg Oglesby at the Daly City Police Department used excessive force when he exercised his right to remain silent. (SAC at 3-4.) These allegations are sufficient to state cognizable § 1983 claims as violations of Plaintiff's rights under the Fourth Amendment. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989); Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment protects arrestees from use of excessive force until release or arraignment). Although Plaintiff claims Defendants also violated his Eighth Amendment right against cruel and unusual punishment, excessive force used during the course of an arrest and prior to arraignment is only analyzed under the Fourth Amendment reasonableness standard, see Graham v. Connor, 490 U.S. 386, 394-95 (1989). Accordingly, his claim under the Eighth Amendment is DISMISSED.

///

---

[1] Plaintiff requests tolling of the statute of limitations due to his extensive injuries and his transfers from prison to prison which prevented him filing this action sooner. (SAC at 4.) The Court will not address the timeliness of this action unless Defendants choose to raise the issue as an affirmative defense.

2

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint, (Docket No. 15), all attachments thereto, and a copy of this order upon **Defendants Sgt. N. Chorley** (Star #270), **Sgt. Manning**, **Sgt. Chaplin**, **Officer Espinosa** (#1449), **Officer Sakurai** (#2215), **Officer Silver** (#4238), and **Officer Robinson** at the **San Francisco Police Department**, (Police Legal, Room 575 (5th Floor), Hall of Justice, 850 Bryant Street); and **Defendant Detective Greg Oglesby** at the **Daly City Police Department**, (333 90th St., Daly City, CA 94015). The Clerk shall also mail a copy of this Order to Plaintiff.

All other Defendants are DISMISSED from this action as Plaintiff has not named them in the second amended complaint, which is the operative complaint in this action. The Clerk shall terminate them from the docket.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but

3

before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

    3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

        a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

    4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  _____5/20/2016_____

EDWARD J. DAVILA
United States District Judge